BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
JULIE C. REAGIN (CABN 167934)
Assistant United States Attorney

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-7181
     Fax: (415) 436-6570
     Email: Julie.Reagin@usdoj.gov

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>  v.<br><br>KAYLA MAE NILSSON,<br><br>            Defendant. | Case No. 3:15-CV-00694-HSG<br><br>STIPULATION AND ORDER FOR ENTRY OF CONSENT JUDGMENT |

     Plaintiff, United States of America ("United States"), by and through its attorneys, and defendant Kayla Mae Nilsson ("Nilsson"), appearing in pro per, stipulate and agree as follows:

### **RECITALS**

     A.     The United States filed a Complaint in this action, seeking to recover a debt of approximately $113,428.13, plus interest, made as Health Education Assistance Loans (HEAL) under Section 701-720 of the Public Health Service Act (42 U.S.C. 292 f-p), by plaintiff, United States of America, Department of Health and Human Services ("Plaintiff"), which has not been repaid.

     B.     Nilsson filed an Answer in which she asserted that the HEAL loans had been consolidated along with other student loans and were, therefore, not in default.

C.     It is the United States' position that Nilsson owes the amount set forth in the Complaint.

D.     The parties are desirous of resolving their dispute under the terms outlined below.

**STIPULATION**

1.     <u>Parties</u>

The parties to this Stipulation for Entry of Consent Judgment are the United States and Nilsson.

2.     <u>Acknowledgment of Service of Complaint</u>

Nilsson acknowledges receipt of the Complaint, a copy of which is attached as Exhibit A.

3.     <u>Jurisdiction</u>

The court has personal jurisdiction over Nilsson.  This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1345.

4.     <u>Claim for Relief</u>

The complaint states a claim for relief upon which relief may be granted.

5.     <u>Venue</u>

Venue is proper in this District pursuant to 28 U.S.C. § 1391.

6.     <u>Compromise</u>

The parties agree that this Stipulation for Entry of Consent Judgment constitutes a compromise and settlement of the contentions of the United States asserted in the Complaint.

7.     <u>Periodic Payments</u>

To resolve this matter, the United States has agreed to accept monthly payments of $50.00 from Nilsson, in an amount totaling $48,400.00.  Nilsson has agreed to make those payments using the electronic system PAY.GOV.  A summary of the terms of PAY.GOV is attached as Exhibit B.  Nilsson will make her first monthly payment no later than June 15, 2016, and each subsequent payment on the fifteenth day of each succeeding month.  If the fifteenth day of the month is a holiday or weekend, the payment shall be made on the next regular or business day.  Nilsson shall make this monthly payment until the balance due under the Consent Judgment has been paid in full.

8.     <u>Consent Judgment</u>

Upon payment in full of the agreed-upon amount of $48,400.00, Nilsson's payment obligation

will cease and the United States will cease any further collection action on the debt at issue.

9.    Stay of Execution

The United States shall stay execution on the Consent Judgment for so long as Nilsson is not in default of the terms of the payments required under Paragraph 7.

10.    Default

A.    Default under this Consent Judgment shall be defined as the failure to make any monthly payment required by the terms of Paragraph 8, when due or in the required amount.

B.    In the event Nilsson defaults under this Stipulation for Entry of Consent Judgment, the entire unpaid balance of the Consent Judgment shall be immediately due and payable.

11.    Retention of Jurisdiction

The Court shall retain jurisdiction over this action in order to enforce this Stipulation for Entry of Consent Judgment.

12.    Notices

All notices to Nilsson shall be sent to:

> Kayla Mae Nilsson
> 5526 Alameda Avenue, Apt 3
> Richmond, CA 94804-4889

13.    Costs and Fees

The parties shall bear their own costs, fees and expenses incurred regarding this action and regarding the negotiation, drafting and execution of this Stipulation for Entry of Consent Judgment.

14.    Release

Nilsson accepts the terms of this Stipulation for Entry of Consent Judgment as full settlement and satisfaction of the above-captioned lawsuit and releases and forever discharges the United States and any and all past and present agencies, officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of action, claims and demands, of any kind and nature whatsoever, whether suspected or unsuspected, at law, in equity, known or unknown, arising out of this matter.

15.    California Civil Code § 1542 Waiver

The provisions of California Civil Code § 1542 are set forth below:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Nilsson, having been apprised of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights Nilsson may have pursuant to the provision of that statute and any similar provision of federal law. Nilsson understands that, if the facts are later found to be other than or different from the facts now believed to be true, the Stipulation for Entry of Consent Judgment shall be and remain effective notwithstanding such material difference.

16.   Complete Agreement & Merger

Each party acknowledges that, except as herein expressly set forth, no representations of any kind or character have been made by the other party or that party's agents, representatives, or attorneys to induce execution of this Stipulation for Entry of Consent Judgment or delivery of the documents or payments required by this Stipulation for Entry of Consent Judgment.  This Stipulation for Entry of Consent Judgment represents the full and complete agreement by and between the parties regarding the subject matter of this Stipulation for Entry of Consent Judgment.  This Stipulation for Entry of Consent Judgment shall not be modified or amended except in a writing signed by the person or entity against whom enforcement is sought.

17.   No Binding Effect on Other Obligations to United States or Its Agencies or Departments.

Nothing in this Stipulation for Entry of Consent Judgment is intended to affect or bind, nor shall it affect or bind, the United States Internal Revenue Service with respect to any liability that Nilsson has or may have with respect to claims arising under the Internal Revenue Service Code, Title 26 of the United States Code, or any other United States Government agencies or departments.

18.   Waiver of Trial and Appeal

The parties consent to the entry of the foregoing Stipulation for Entry of Consent Judgment, and defendant Nilsson hereby waives her right to a trial of this action and waives all rights to appeal this

1  action or the Stipulation for Entry of Consent Judgment.

2      **SO STIPULATED:**

3

4      I/we have read the foregoing, I/we understand the terms, and I/we sign this Stipulation for Entry

5  of Consent Judgment as a free and voluntary act.

6

7  Dated: 5/9/2016

8                                          KAYLA MAE NILSSON
                                           Defendant
9

10                                         BRIAN J. STRETCH
11                                         United States Attorney

12

13 Dated: May 4, 2016          By:

14                                         JULIE C. REAGIN
                                           Assistant United States Attorney
15                                         For the United States of America

16

17

18 **ORDER APPROVING STIPULATION FOR ENTRY OF CONSENT JUDGMENT**

19      **IT IS SO ORDERED.**

20

21

22 Dated:  5/24/2016

23                                         THE HON. HAYWOOD S. GILLIAM, Jr.
                                           UNITED STATES DISTRICT JUDGE
24

25

26

27

28

# EXHIBIT "A"

MELINDA HAAG (CABN 132612)
United States Attorney
ALEX G. TSE (CABN 152348)
Chief, Civil Division
RAVEN M. NORRIS (SBN 232868)
Assistant United States Attorney
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6915
    Fax: (415) 436-6570
    Email: Raven.Norris@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>KAYLA MAE NILSSON,<br><br>            Defendant. | Case No.  3:15-cv-00694<br><br>**COMPLAINT FOR COLLECTION OF DEBT**<br><br> DEBT COLLECTION CASE [L.R. 16-6] |

The Plaintiff, United States of America, alleges as follows:

1.     This is an action to recover funds lent to defendant Kayla Mae Nilsson ("Defendant") under promissory notes with original principal amounts totaling $113,428.13, made as a Health Education Assistance Loans (HEAL), under Section 701-720 of the Public Health Service Act (42 U.S.C. 292 f-p), by plaintiff, United States of America, Department of Health and Human Services ("Plaintiff" or "HHS"), which has not been repaid.

**<u>Jurisdiction</u>**

2.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1345.

COMPLAINT
CASE No.  3:15-cv-00694

**Venue**

3.      The Defendant, Kayla Mae Nilsson, is a resident in Contra Costa County, California, which is within the jurisdiction of the Court

**The Debt**

4.      The debt arises from Defendant's execution of promissory notes with original principal amounts totaling $113,428.13, made as HEAL loans.  Defendant promised to repay the loans at a variable rate of interest beginning the first day of the tenth month after ceasing to be a full-time student or completing a residency program.

5.      After Defendant executed the notes, the Student Loan Marketing Association ("SMLA") purchased the notes and received an assignment.

6.      On February 14, 2007, SLMA furnished Defendant with a repayment schedule requiring her to begin repaying the loans on May 11, 2007.  Defendant did not make any payments.

7.      On February 27, 2012, Defendant initiated bankruptcy proceedings in the United States Bankruptcy Court, Northern District of California in Case No. 12-41738.  On April 4, 2012, the bankruptcy was dismissed but Defendant's HEAL loans were not dischargeable under bankruptcy.

8.      Due to the bankruptcy proceeding, SLMA filed an insurance claim with the Department of Health and Human Services (HHS) for the amount due on the loans, which was $110, 163.00.  HHS paid SLMA's claim on April 16, 2012 and received an assignment of the notes.

9.      On April 24, 2012 and August 3, 2012, HHS provided Defendant with instructions for entering a repayment agreement on the loans.  Defendant did not execute a repayment agreement or make any payments on the outstanding loans.

10.      On August 29, 2012, HHS sent a final demand letter to defendant and advised Defendant to resolve her delinquent debt within sixty (60) days or the loans would be immediately referred to the Office of the Inspector General (OIG) for exclusion from participation in the Medicare/Medicaid Programs.  On May 29, 2013, HHS sent a letter to Defendant with instructions for entering into a repayment agreement.  HHS also notified Defendant that failure to respond would result in her debt being referred to the Department of Justice.

COMPLAINT
CASE No.  3:15-cv-00694

**Failure to Pay**

11.     As of July 1, 2013, the Defendant owes the Plaintiff a total of $114,214.69, consisting of current principal of $113,428.13, interest of $786.56, and administrative costs of $0.00, plus interest at a variable rate accruing from and after July 1, 2013.  *See* the Certificate of Indebtedness attached hereto as "Exhibit A" and made a part hereof.

12.     The principal balance and interest shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues currently at the rate of 3.125% per annum or $9.73 per day.

13.     Demand has been made upon the defendant for payment of the indebtedness, and the Defendant has refused to pay the same.

**Prayer**

WHEREFORE, plaintiff prays for judgment against defendant as follows:

1.     For the sum of $114,214.69, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest;

2.     For court costs and an amount equal to the filing fee as allowed pursuant to 28 U.S.C. § 2412(a)(2); and,

3.     For such other and further relief as the Court deems just and proper.


Dated: February 13, 2015                         Respectfully submitted,

                                                 MELINDA HAAG
                                                 United States Attorney



                                         By:     /s/ Raven M. Norris
                                                 RAVEN M. NORRIS
                                                 Assistant United States Attorney


COMPLAINT
CASE No.  3:15-cv-00694

3

# EXHIBIT "A"



**DEPARTMENT OF HEALTH & HUMAN SERVICES**                     Program Support Center

Rockville, MD 20857
JUL 2 5 2013

### CERTIFICATE OF INDEBTEDNESS

Kayla M. Nilsson

Ref: 50182951/2/3

Total debt due to the United States of America as of July 1, 2013:  $114,214.69 (principal $113,428.13, interest $786.56, administrative costs $0.00).

I certify that the Department of Health and Human Services' (HHS) records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $113,428.13 from July 1, 2013, at the rate of 3.125%. Interest accrues on the principal amount of this debt at the rate of $9.73 per day. Interest is computed at a variable rate and is adjusted quarterly. Due to the semi-annual compounding of interest, the current principal amount is greater than the original amount borrowed.

The claim arose in connection with a Government-insured Health Education Assistance Loan (HEAL) made by a private lender and assigned to the United States.

As a student at The Wright Institute, you applied for and were granted the following Health Education Assistance Loans (HEAL), Section 701-720 of the Public Health Service Act (42 U.S.C. 292 f-p).

| Date of Promissory Note | Amount of Promissory Note | Amount Disbursed |
|---|---|---|
| 10/15/92 | $ 7,500.00 | $ 7,500.00 |
| 07/01/93 | $12,000.00 | $12,000.00 |
| 06/27/94 | $12,500.00 | $12,500.00 |
| 08/12/95 | $ 7,650.00 | $ 7,650.00 |
| 07/15/96 | $ 8,750.00 | $ 8,750.00 |

You signed promissory notes agreeing to repay the loans at a variable rate of interest beginning the first day of the tenth month after ceasing to be a full-time student or completing a residency program. The Student Loan Marketing Association (SLMA) purchased your notes and received an assignment.

Upon your leaving The Wright Institute, you were furnished a repayment schedule by the SLMA on February 14, 2007, with notification that payments were to begin May 11, 2007.  You did not make any payments.

On February 27, 2012, in the United States Bankruptcy Court, Northern District of California, you filed a petition for relief under Title 11 U.S.C. Chapter 13 (Case No. 12-41738). The bankruptcy was dismissed on April 4, 2012, however, your HEAL debt was not dischargeable under bankruptcy.

Due to your bankruptcy, the SLMA filed an insurance claim with the Department of Health and Human Services (HHS). The amount due was $110,163.00. The lender's claim was paid on April 16, 2012, and an assignment of the notes was received.

**PAGE 2 - CERTIFICATE OF INDEBTEDNESS - KAYLA M. NILSSON**

The HHS notified you by letter dated April 24, 2012, that the previous holder of your promissory notes submitted an insurance claim and assigned your notes to the U.S. Government.

In a letter dated April 24, 2012, you were notified that although payments on your HEAL debt had been suspended during your bankruptcy proceedings, your debt was not subject to cancellation by bankruptcy discharge. You were provided instructions for entering into a repayment agreement (RA) with notice that it must be completed and returned within thirty (30) days along with a good faith payment. You did not comply.

In a letter dated August 3, 2012, you were notified of the HHS' intent to refer your HEAL debt to other Federal agencies for the purpose of administrative offset under the Debt Collection Improvement Act of 1996. You were advised that a written response, an RA, or payment in full received within sixty (60) days from the date of the letter would terminate administrative offset action. You did not comply.

On August 29, 2012, you were notified that you had sixty (60) days in which to resolve your delinquent debt. You were advised that if you were unwilling to establish an RA, your case would be immediately referred to the Office of the Inspector General (OIG) for exclusion from participation in the Medicare/Medicaid Programs. The letter also informed you that in the event you did not enter into an RA, your debt would be referred to the U.S. Department of Justice (DOJ) for enforced collection. You did not comply.

In a letter dated May 29, 2013, you were sent instructions for entering into an RA with notice that it must be completed and returned within thirty (30) days. You were informed that failure to respond would result in your debt being referred to the DOJ. You did not respond.

The following provides a breakdown of credit applied to your account:

| | | |
|---|---|---|
| 1 Lender Refund | 05/23/12 | $143.66 |

Repeated attempts by HHS have been unsuccessful in establishing an acceptable repayment schedule for your debt. Because of your lack of cooperation the federal government is exercising its option and declaring your note due and payable. Accordingly, your debt has now been referred to the DOJ for enforced collection.

The amount due should be remitted by check, draft or money order(s) payable to the "U.S. Department of Justice" and mailed directly to the United States Attorney, Northern District of California, 450 Golden Gate Ave 10th Fl, San Francisco, CA 94102.

**CERTIFICATION:** *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

JUL 2 5 2013
_____
Date

_____
Barry M. Blum
Chief, Referral Control Section
Debt Management Branch

# EXHIBIT "B"

# WHAT IS PAY.gov?



Pay.gov is a secure Government website that allows you to submit payments for your debt(s) electronically. Pay.gov is managed by the Department of Treasury, Financial Management Service.

# BENEFITS

❖ No more paper. No mail delay. You can submit your payments on-line.

❖ You can make a payment anytime and anywhere with Internet access.

❖ You can pay via credit card or via a debit transaction from your bank account.

❖ You can schedule recurring payments through your bank account so your payments will always be on time.



If you have any questions about accessing Pay.gov, please contact your collection office.



U.S. Department of Justice, JMD/DCM
Nationwide Central Intake Facility
Washington, DC 20530



## MAKE YOUR PAYMENTS ON-LINE AT



# HOW DOES PAY.gov WORK?

The Pay.gov site is available 24 hours a day, 7 days a week (holidays included) for users to submit payments.

Credit Card Payments

Pay.gov provides real-time authorization for all credit card payments. However, payments will generally be processed the next business day.

Debit Transactions

Debit payments are processed the next business day as long as the transaction is entered before 8:00 p.m. Eastern Standard Time. Transactions entered after 8:00 p.m. Eastern Standard Time may take two business days to process.

Debit processing follows the Federal Reserve holiday schedule. You can find the holiday schedule at: http://clevelandfed.org/banking/utilities.banking_holidays.cfm

# HOW DO I PAY ON-LINE?

**Step 1:** Obtain your DOJ CDCS case number from your statement or contact your collection office.

**Step 2:** Log on to the Internet and type https://www.pay.gov into your browser's location bar, and hit "enter" to access the Pay.gov web page.

**Step 3:** Go to the SEARCH box at the top of the page and enter:

**DOJ DAOG/CDCS**
Press "enter" or click "Search".

**Step 4:** Click "Continue to the Form" on the next two pages as they appear.

**Step 5:** Use your DOJ CDCS case number and payment information to complete the form. Click submit and then the web-site will walk you through all the screens to finalize your submission.

**NOTE**: To schedule recurring payments you must first register and create a Username and Password.

# HOW TO SET UP Recurring Payments

If you would like to set up recurring payments through Pay.gov, please do the following:

**Step 1:** Go to https://www.pay.gov.

**Step 2:** At the top right of the page you should see: Log in/Register.

**Step 3:** Click on the "Register" link and complete the self-enrollment process.

**Step 4:** Once you are registered, the login page opens. Log into Pay.gov.

**NOTE:** For further instructions, select 'ONLINE HELP' from the blue bar at the top of the page, then click on 'Register with Pay.gov'.

**Step 5:** On the left side of the menu select "Payments", then "Automatic Payments", then "Schedule Automatic Payment".

**Step 6:** Enter the required information to complete the transaction.

BRIAN J. STRETCH (CABN 163973)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
JULIE C. REAGIN (CABN 167934)
Assistant United States Attorney
        450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
        Telephone: (415) 436-7181
        Fax: (415) 436-6570
        Email:  Julie.Reagin@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA , <br><br>        Plaintiff, <br><br>   v. <br><br> KAYLA MAE NILSSON, <br><br>        Defendant. | CASE NO.  3:15-cv-00694-HSG <br><br> PROOF OF SERVICE |

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers.  The undersigned further certifies that on May 13, 2016, she caused a copy of:

- STIPULATION AND ORDER FOR ENTRY OF CONSENT JUDGMENT

filed May 13, 2016, to be served by U.S Mail upon the person(s) at the place and address stated below, which is the last known address:

1   Kayla Mae Nilsson
2   5526 Alameda Avenue, Apt 3
    Richmond, CA 94804-4889
3

4          I declare under penalty of perjury under the laws of the United States of America that the

5   foregoing is true and correct

6

7   DATED:  May 13, 2016

8                                                    /s/ Gina Vieyra
                                                     GINA VIEYRA
9                                                    Paralegal Specialist

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
    PROOF OF SERVICE
    CASE NO. 3:15-cv-00694 - HSG